Goodloe commenced an action of assumpsit in the County Court of Davidson against Claiborne, in which he procured a verdict and judgment. Claiborne then appealed to the Circuit Court, and entered into a bond to prosecute the appeal with William T. Lewis, Thomas Napier, and William Christmas, his securities.
The record in the Circuit Court, after reciting the verdict of the jury, proceeds as follows: "Therefore it is considered by the Court, on motion of the plaintiff by his attorney, that the judgment of the County Court be affirmed; and that the plaintiff recover against the defendant, and William T. Lewis, and Thomas Napier, (William Christmas the other security being dead,) his securities in appeal, six hundred and thirty-six dollars, the amount," etc.
No step was ever taken to revive the proceedings against the representatives of Christmas.
From the judgment rendered by the Circuit *Page 392 
Court Claiborne alone prosecuted the present appeal.
Hayes, for the appellant. By the rules of the common law upon a joint obligation in which more than one is bound, a suit can not be brought against either alone if the others be living. Bul. N. P. 172. And the reason why an action may be maintained against the survivors, is that the representatives of the deceased obligor can not be sued. But in the case of joint and several obligations, although a suit may be maintained against one of the obligors it can not against more of them unless all are included. 1 Com. Dig. 29, F. 8; 1 Hen. Mun. 61. The same rule that applies to the commencement of the action will equally apply to the proceedings in any subsequent stage. In this case Claiborne, Lewis, Napier, and Christmas, were bound in a joint and several obligation. The appellees upon an affirmation in the Circuit Court of the judgment in the County Court might have taken a judgment against Claiborne alone; but this he has not done, — he has taken it against three of the obligors and not against one or all. Here I may be told that the judgment is taken against all the surviving obligors; but to this argument there is this conclusive answer, that although it might be correct if the question depended solely upon the common law, it ceases to be so by the provisions of our statute.
Trimble and Cooke, for the appellee, argued e contra that at common law the obligor was at liberty to proceed against the surviving obligors alone upon the principle that the action could not be maintained against the representatives of the deceased obligor. The Act of 1789, Hay. Rev. 175, sec. 5; is not compulsory upon the obligee to sue the representatives of the deceased jointly with the surviving obligor. It comes in aid of the common law, and gives the creditor an additional remedy by declaring the liability of the representatives. Nothing is mentioned from which it is to be inferred that the creditor is obliged to commence his *Page 393 
action against them; he may do so if he chooses, because the Act says that they shall be liable to pay the demand jointly with the survivor; but this does not take away from him his common law remedy of suing the survivor only, and the word, shall, used in the Act, only applies as between the representatives of the deceased and the survivors.
But in this case the present appellant can not complain. To him it is wholly immaterial whether the judgment be against one or all of his securities. If any person can complain it is the securities against whom: judgment was entered, and they are not parties to this appeal.
Goodloe sued Claiborne in the County Court, where he recovered a judgment. Claiborne appealed to the Circuit Court, to prosecute which he gave a bond with William T. Lewis, Thomas Napier, and William Christmas, his securities. After the death of Christmas the cause was tried in the Circuit Court, where the appellee again recovered a judgment. He then moved for and obtained an affirmance of the judgment, with twelve and one-half per centum per annum interest, against Claiborne. Lewis, and Napier only, suggesting at the same time the death of Christmas.
Claiborne conceiving this to be erroneous, appealed from the judgment to this Court.
This is a joint and several bond. At common law Goodloe must have sued one or all of the obligors if alive; but if one or more were dead he could have sued the survivors jointly. 1 Hen. Mun. 61; 3 Bac. Abr. 697, 698. The Act of 1789, Hay. Rev. 175, we believe to have made this alteration as to the obligee, that he may join the representatives of the deceased obligor with the survivors if he chooses, not that he shall be compelled to do so. The statute first recites that the rule of the common law, which declares that the right of action does not survive against the representatives of the deceased obligors, operates very unjustly towards the survivors. It then proceeds *Page 394 
to enact, "that in all joint obligations the representatives of the deceased obligor shall and may be liable jointly with the survivors," etc. We believe the word "shall," applies only as between the representatives and the survivors, so as to make them liable to him for their proportion, and that the word "may." relates to the remedy by the obligee.
The same section converts obligations and assumpsits, which would at common law have been joint into joint and several.